IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN HART,<br><br>*Plaintiff,*<br><br>v.<br><br>**STEVEN PARKINSON, Individually and In His Official Capacity As A Detective For The City Of Philadelphia Police Department, et al.,**<br><br>*Defendants.* | Case No. 2:13-cv-06662-JDW |

## ORDER

**AND NOW**, this 13th day of February, 2023, upon consideration of Defendants Detective Steven Parkinson and Detective Kathryn Gordon's ("Defendants") Motion To Dismiss For Failure To State A Claim (ECF No. 37), the Court notes as follows:

1. A district court may dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand only a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (same). A claim has facial plausibility when the complaint contains factual

allegations that permit the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (same). In doing so, the court must "draw on its judicial experience and common sense." *Id.* (same). Only one of Plaintiff John Hart's claims meets that burden.

2. To "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The holding in *Heck* bars most of Mr. Hart 's § 1983 claims because a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487.

3. *First,* Mr. Hart claims that Detective Parkinson violated the Fourth, Sixth, Ninth, and Fourteenth Amendment when he didn't turn over exculpatory evidence in his possession. Although the *Brady* duty applies only to prosecutors, "police officers and other state actors may be liable under § 1983 for failing to disclose exculpatory information to the prosecutor." *Yarris v. Cnty. of Del.*, 465 F.3d 129, 141 (3d Cir. 2006) (citations omitted). Meritorious *Brady*-esque claims under § 1983 challenge the validity of an underlying criminal conviction because *Brady* only applies if the evidence was material

to the determination of guilt. *See United States v. Lacerda*, 958 F.3d 196, 218-19 (3d Cir. 2020). Therefore, the *Heck* decision bars Mr. Hart's claim based on the alleged withholding of exculpatory evidence. *See also Dukes v. Pappas*, 405 Fed. Appx. 666, 668 (3d Cir. 2010) (§ 1983 claim for withholding evidence "by definition, implies the invalidity of the attendant criminal conviction").

4.  *Second*, Mr. Hart brings two Fourth Amendment claims. "[A] determination of whether *Heck* applies to a Fourth Amendment claim requires a case-by-case fact-based inquiry into whether the claim implies the invalidity of the underlying conviction or sentence." *Mills v. Pivot Occupational Health*, No. 22-1817, 2022 WL 17984476 at *1 (3d Cir. Dec. 29, 2022) (citing *Gibson v. Superintendent of N.J. Dep't L. & Pub. Safety*, 411 F.3d 427, 447-49 (3d Cir. 2005)). Therefore, the Court must examine whether for Mr. Hart to prevail on each those claims he must undermine his criminal conviction.

5.  The first claim is that Detective Parkinson violated Mr. Hart's Fourth Amendment right to be free from unreasonable seizures by "using illegal and unduly suggestive tactics in order to obtain probable cause to arrest Plaintiff for crimes that he did not commit." (ECF No. 36 at ¶ 36.) The Court reads this claim as a Fourth Amendment claim for malicious prosecution. To prevail Mr. Hart must show a favorable termination of the underlying criminal case. *See Thompson v. Clark*, 142 S. Ct. 1332,1338 (2022). He can't, so this claim fails.

6. As Mr. Hart points out, one Defendant, Michael Sander, has not appeared in this case and was not a party to this Motion. It's unclear whether Mr. Hart properly served Mr. Sander at all, let alone with the Amended Complaint. In any event, the only claim against Mr. Sander in the Amended Complaint is for violating the Fourth Amendment by "identifying Plaintiff through false testimony . . . So that Plaintiff would be arrested and incarcerated for crimes that he did not commit." (ECF No. 36 ¶ 39.) For the same reasons stated above, this is substantively a malicious prosecution claim and cannot survive as a matter of law given Mr. Hart's conviction. Therefore, the Court will dismiss it.

7. *Heck* does not bar Mr. Hart's second Fourth Amendment claim for the search of his electronic devices. *See Heck*, 523 U.S. at 487 n.7 (distinguishing §1983 suits for unreasonable searches so long as admitting evidence from that search would constitute harmless error). Mr. Hart alleges those searches did not yield anything useful in the police investigation. Therefore, a challenge to that search would not necessarily undermine his conviction. Therefore, he may pursue his Fourth Amendment claim on that ground.

8. Count II of the Amended Complaint is titled "malicious prosecution." Mr. Hart admits that he can't sustain a claim for malicious prosecution because of his conviction but says it was erroneously labeled. He requests leave to amend Count II to allege "malicious abuse of process." But amending is futile because he can't state a successful abuse of process claim. Abuse of process "lies where prosecution is initiated

legitimately and thereafter used for a purpose other than that intended by law." *Rose v. Bartle*, 871 F.2d 331, 350 n.17 (3d Cir. 1989) (citations omitted). "The gist of an action for abuse of process is the improper use of process . . . that is, a perversion of it." *Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 304 (3d Cir. 2003) (citations omitted). The legal process is perverted only when "the utilization of the procedure for the purpose for which it was designed becomes so lacking in justification as to lose its legitimate function as a reasonably justifiable litigation procedure." *Id.* at 308. Allegedly overbroad searches that did not affect the outcome of the underlying criminal conviction can't satisfy that standard. And if Mr. Hart's claim is that the searches did create an illegitimate or coerced outcome, to prevail would undermine his conviction, and it's barred by *Heck*.

      Therefore, it is **ORDERED** as follows:

    1.    Defendants' Motion To Dismiss For Failure To State A Claim (ECF No. 37) is **GRANTED IN PART** and **DENIED IN PART:**

        a.    The Motion is **DENIED** as to Mr. Hart's Fourth Amendment claims in Count I pertaining to the search of his desktop, laptop and iPhone by Detectives Parkinson and Gordon;

        b.    The Motion is **GRANTED** as to all other claims;

    2.    The claims against Mr. Sander are **DISMISSED;**

3. Mr. Hart's request to file a second Amended Complaint is **DENIED** because any amendment would be futile in light of the Court's analysis;

4. The deadlines in the Court's Scheduling Order (ECF No. 29) are **VACATED**;

5. The Parties shall complete discovery by April 14, 2023;

6. Motions for summary judgment, if any, shall be filed on or before May 19, 2023.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.